UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v.                                                              ) <br> ) <br> ERVIN PURNELL PETTAWAY, ) <br> Defendant.                                               ) <br> ) | Criminal Case No. 17-212 (RCL) |

**MEMORANDUM OF FINDINGS OF FACT AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF PRETRIAL DETENTION**

**I.   INTRODUCTION**

Defendant Ervin Pettaway is charged in a one-count indictment with threatening and conveying false information concerning use of an explosive, in violation of 18 U.S.C. § 844(e).

At his initial appearance on November 6, 2017 before Magistrate Judge Harvey, the United States moved for temporary detention; Judge Harvey granted the motion. At the same hearing, defense counsel requested competency screening Mr. Pettaway, which was also granted. At his arraignment, and detention and competency hearing on November 9, 2017 before Judge Harvey, Mr. Pettaway, *inter alia*, conceded to pretrial detention and waived associated written findings of fact and conclusions of law.

This Court held status conferences in this case on November 27, 2017, December 18, 2017, and December 20, 2017. At the status conference on December 20, defense counsel represented to the Court that the defendant's original concession to pretrial detention stemmed from Mr. Pettaway's homelessness and substance abuse issues, together with a misunderstanding of the likely sentencing guidelines calculation in this case. The defendant moved to complete a

1

28-day inpatient drug treatment program in an unsecure facility for which Pretrial Services deemed him eligible. The Government opposed the motion.

Upon consideration of the Government's Memorandum for Pretrial Detention [6] and the oral representations of both parties, Mr. Pettaway was ordered held without bond pursuant to 18 U.S.C. § 3142(e). To the extent the defense's motion to release Mr. Pettaway into an in-patient but unsecured drug treatment facility may be considered to retract its earlier waiver of findings and conclusions, the Court hereby issues its findings of fact and statement of reasons in support of the Order of Detention, set forth below.

## II.   LEGAL STANDARD

The Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, provides that a defendant may be detained pending judicial proceedings where the government carries its burden of establishing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* at § 3142(e), (f). The government must first establish one of the predicates: (1) that, beyond a preponderance of the evidence, defendant poses a risk of flight, *United States v. Xulam*, 84 F.3d 441, 443 (D.C. Cir. 1996); or (2) that, by clear and convincing evidence, defendant has been shown to pose a risk to the safety of any person or the community, 18 U.S.C. § 3142(f); *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988). The Court must then determine that the same evidence leads to the conclusion that no condition or conditions of release will reasonably protect against the risk that has been found. Factors this Court considers when determining whether there are release conditions that will reasonably assure a defendant's appearance as required and the safety of any person and the community are: (1) the nature and circumstances of the offense charged,

(2) the weight of the evidence against the person, (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

### III. DISCUSSION

The grand jury's indictment, "fair upon its face," furnishes probable cause to believe that the Mr. Pettaway committed the acts that constitute this offense. *See Gerstein v. Pugh*, 420 U.S. 103, 117 n.19 (1975); *Williams*, 903 F.2d 844. The Government proffers that, on November 3, 2017, Mr. Pettaway approached uniformed U.S. Secret Service officers in front of the White House and indicated that he had explosives on his person, a claim he repeated several times in the presence of other officers. It was eventually determined that the claims were false, but in the interim the Secret Service had to clear the area and shut down the area surrounding the White House to search Mr. Pettaway and determine whether the area was safe. Mr. Pettaway also has been the subject of several bench warrants for failure to appear in court proceedings. The Government agrees that Mr. Pettaway should be treated for his substance abuse problems, but argues such treatment should not be undertaken in an unsecured facility because of Mr. Pettaway's record of bench warrants.

In response, the defense argues that Mr. Pettaway needs treatment and has been deemed by Pretrial Services to be eligible for the in-patient treatment at the unsecure R.S.C. facility. When he was arrested, Mr. Pettaway was wearing a hospital bracelet from treatment for

psychiatric issues that he was having at the time of the conduct at issue in this case. The defense also noted that Mr. Pettaway has been successfully supervised by probation officers in other matters post-dating the issuance of the bench warrants for failures to appear.

### IV.     FINDINGS OF FACT

Upon consideration of the factors enumerated at § 3142(g) of the Bail Reform Act, the Court finds by a preponderance of the evidence that no combination of conditions can reasonably ensure his appearance at future proceedings. The nature and circumstances of the offense charged are serious. Mr. Pettaway's claim that he possessed explosives in close proximity to the White House curtilage caused a panic and posed a significant risk to the nearby law enforcement officers and civilians, as well as to the defendant himself. Further, the Government's evidence against Mr. Pettaway is strong, in that the crime was committed in the presence of law enforcement officers.

Furthermore, Mr. Pettaway's criminal history weighs heavily against his release. His criminal record includes a 2016 conviction for a Bail Reform Act Violation, and three other convictions over the past four years. According to Pretrial Services, bench warrants have been issued for the defendant's failure to appear for Court on five separate occasions over the past five years. According to the Pretrial Services Report prepared on November 4, 2017, the defendant indicated that he has no fixed address, and has tested positive for drugs at some point in the previous 180 days.

## V. CONCLUSION

On the basis of the foregoing findings of fact and reasons, Mr. Pettaway will continue to be held without bond pursuant to the December 20, 2017 denial of his oral motion.

Further, with the defendant's consent, the Court also finds it in the interests of justice to toll the Speedy Trial Act until January 5, 2018 so this case can be reassigned due to scheduling issues.

_____
ROYCE C. LAMBERTH
United States District Court

12/22/17
Date